UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                  CASE NO. 02-50055

                  Plaintiff,

v.                                  HONORABLE PAUL V. GADOLA
                                               U.S. DISTRICT JUDGE

ERIC MICHAEL GREENLER,

                  Defendant.
_____/

## **ORDER**

After pleading guilty to one count of sale of a firearm to a known felon, Defendant was sentenced on March 18, 2003, to 27 months imprisonment to be followed by three years supervised release. Because Defendant was already serving a term of 40 to 240 months for a state conviction at the time of sentencing, Defendant asked this Court to allow the federal sentence to run concurrently with his state term. Defendant's motion was denied.

Defendant now moves this Court for reconsideration of his sentence, again seeking to have his state and federal sentences run concurrent. Defendant urges reconsideration on the basis that this Court "told him that upon completion of the State sentence [he] should file a motion for sentence reconsideration, and this Court would consider running" the sentences concurrent. Def.'s Mot. at 2. However, a review of the audio tape of the hearing indicates this Court made no such comment at his sentencing. The record reflects that the Court flatly rejected Defendant's request for concurrent terms and starkly remarked on the very serious nature of the crime, Defendant's lengthy criminal record, and his history of recidivism. Consequently, Defendant's

contention that this Court suggested it would be willing to reconsider his sentence at a later date is without factual merit.

Furthermore, Defendant cites no legal basis giving this Court authority to reconsider his sentence at this time. In the interests of justice, the Court has considered this motion under Fed. R. Crim. P. 35 and Fed. R. Crim. P. 36. Federal Rule of Criminal Procedure 35 is limited to correction of a sentence within seven days after sentencing. Defendant's motion for reconsideration was filed well beyond the seven day time limit and therefore, Fed. R. Crim. P. 35 is not applicable in this instance. Application of Rule 36, although not time barred, is limited to errors of a clerical nature. *See United States v. Robinson*, 368 F.3d 653, 656-57 (6th Cir. 2004). Defendant's consecutive sentences were not a clerical error; the Court carefully considered and expressly denied Defendant's request for concurrent terms at sentencing. Such a careful consideration is not an error of a clerical nature and therefore not within the scope of reconsideration authorized under Fed. R. Crim. P. 36.

Because Defendant's motion has no basis in fact or law, Defendant's motion to reconsider his sentence is denied. Additionally, because no fees or costs are due, Defendant's application to proceed without prepayment of fees and costs is also denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion for reconsideration of sentence [Docket Entry 12] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's application to proceed without prepayment of fees and costs [docket entry 13] is also **DENIED**.

**SO ORDERED.**

Dated:   July 11, 2006               s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 11, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                Robert W. Haviland                        , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:              Eric Michael Greenler                      .

                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845